UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:25-cv-01047-CDB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE AS TIME-BARRED<br><br>(Doc. 1)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Randomly Assign District Judge |

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint against Defendant State of California on August 19, 2025. (Doc. 1). For the reasons set forth below, the undersigned will recommend this action be dismissed with prejudice because Plaintiff's claims are time-barred under the applicable statute of limitations.

**I.    Motion to Proceed *In Forma Pauperis***

Plaintiff has filed a motion to proceed *in forma pauperis* without prepaying fees or costs pursuant to 28 U.S.C. § 1915. (Doc. 2). The Court finds Plaintiff has made the showing required by § 1915, and the request to proceed *in forma pauperis* shall be granted. See 28 U.S.C. § 1915(a)

1

(authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of a pro se complaint where the plaintiff proceeds *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading standards. The Court must dismiss a complaint, or portion thereof, if the Court determines that the complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) "applies to all *in forma pauperis* [proceedings], not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming s*ua sponte* dismissal for failure to state a claim).

## II.     Findings and Recommendations to Dismiss Action With Prejudice As Time-Barred

### A.     Governing Authority

A time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. *E.g., Belanus v. Clark*, 796 F.3d 1021, 1026-27 (9th Cir. 2015); *see Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (claim may be dismissed under 12(b)(6) for failure to state a claim on the ground that it is barred by the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Plaintiff indicates the nature of his suit is for personal injury and for the violation of his

civil rights. *See* (Doc. 1 at 6, 23, 25). The undersigned construes Plaintiff's false arrest claim as brought pursuant to Section 1983 for the violation of his civil rights.

Section 1983 does not contain a statute of limitations. Without a federal limitations period, the federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132 (9th Cir. 2007)). California's statute of limitations for personal injury claims is two years. Cal. Civ. P. Code § 335.1; *see Canatella*, 486 F.3d at 1132 (applying two-year statute of limitations to the plaintiff's breach of privacy- and confidentiality-based claims). Accordingly, Plaintiff' Section 1983 claims are subject to a two-year statute of limitations under California Code of Civil Procedure § 335.1. *A.G. v. Cnty. of Siskiyou*, No. 2:24-cv-01375-DJC-CKD, 2024 WL 4682417, at *1 (E.D. Cal. Nov. 5, 2024).

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). Accrual of Section 1983 claims is dictated by the "discovery rule" which provides that a claim has accrued "when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dept. of Public Safety*, 870 F.3d 883, 887 (9th Cir. 2017); *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994) ("An action ordinarily accrues on the date of injury."). This does not mean that a plaintiff must be aware of the full extent of the injuries for accrual to occur and a plaintiff must still be "diligent in discovering the critical facts." *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999). Claims for false arrest and false imprisonment accrue when the arrest is completed. *See Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019); *see also Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) ("For Fourth Amendment violations, federal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs ... even if the person does not know at the time that the search was warrantless.").

///

### B. Analysis

Here, Plaintiff alleges he was falsely arrested on May 26, 2021, causing him "emotional and [psychological] pain." (Doc. 1 at 5-6). He names the State of California as the sole Defendant in his complaint. *Id.* at 2. As noted *supra*, he indicates the nature of his suit is for personal injury and for violation of his civil rights. *See id.* at 6, 23, 25. He seeks between one million and one-hundred million dollars in damages. *Id.* at 5.

For Plaintiff's claims related to his false arrest, the statute of limitations began to accrue on May 26, 2021, the date he was arrested. *See Mills*, 921 F.3d at 1166. The present action was filed on August 19, 2025. *See id*. Because the statute of limitations has run from the date of the arrest, Plaintiff's complaint is untimely. Accordingly, to proceed on his false arrest claim, Plaintiff must either establish that his claim accrued at a later date and/or that the limitations period for the claim should be equitably tolled.

"Equitable tolling under California law 'operates independently of the literal wording of the Code of Civil Procedure' to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'" *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)). "Application of California's equitable tolling doctrine requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the ... limitations statute." *Id.* (quoting *Lantzy*, 31 Cal.4th at 371). For purposes of determining applicability of equitable tolling, lower courts are directed to consider the extent to which defendant had notice of the instant claims in an earlier action, prejudice to the defendant, and the plaintiff's good faith in filing the second claim. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002).

In conducting this balancing here, the undersigned is mindful of the public policy interest in ensuring prompt resolution of legal claims and ensuring fairness to Defendant such that they may defend the case while witness memories and evidence have not materially deteriorated. The undersigned balances these equities against any injustice Plaintiff will suffer were his claim rejected on grounds of untimeliness. Here, the undersigned does not discern from the allegations in Plaintiff's complaint that he was incapable of timely litigating his claims or that enforcing

California's statutory tolling regimes would result in a fundamental unfairness. As set forth above, Plaintiff was on notice of the bases of his current claim on May 26, 2021, when he alleged that was the date he was unlawfully arrested. (Doc. 1 at 5). Moreover, Plaintiff has not alleged whether his claims are tolled, and the undersigned does not find any tolling statutes applicable here. Thus, Plaintiff's claims are time-barred under the statute of limitations.

Separately, Plaintiff's false arrest claim against the State of California would be barred under the Eleventh Amendment, which prevents federal courts from hearing suits brought against a nonconsenting state. *Munoz v. Super. Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). "This prohibition applies when the "state or the 'arm of a state' is a defendant."" *Id.* (quoting *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991)). Thus, the Eleventh Amendment bars suits against state agencies as well as those where the state itself, as here, is named as a defendant. *Nat. Res. Def. Council v. Cal. Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996). Thus, the undersigned finds Plaintiff's claim against the State of California is barred under the Eleventh Amendment.

In sum, the undersigned recommends Plaintiff's complaint be dismissed with prejudice as time-barred and barred under the Eleventh Amendment.

*Remainder of This Page Intentionally Left Blank*

### III. Conclusion, Order, and Recommendations

The Clerk of the Court is directed to randomly assign a District Judge to this action.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.

And it is **HEREBY RECOMMENDED** that:

1. This action (Doc. 1) be DISMISSED WITH PREJUDICE as time-barred and barred by Eleventh Amendment immunity.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **September 3, 2025**

UNITED STATES MAGISTRATE JUDGE