UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF CALIFORNIA,<br><br>            Defendant. | Case No.: 1:25-cv-01047-KES-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION<br><br>(Doc. 7) |

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se and *in forma pauperis*, seeks to hold the State of California liable for personal injury and the violation of his civil rights, alleging he was falsely arrested on May 26, 2021. *See generally* (Doc. 1). Pending before the Court is Plaintiff's motion for disqualification of the undersigned and the assigned District Judge Kirk E. Sherriff brought pursuant to 28 U.S.C. § 455, filed on September 22, 2025. (Doc. 7).

**I.    Governing Authority on Disqualification**

28 U.S.C. § 455, concerning judicial disqualification, provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; …

28 U.S.C. § 455(a), (b)(1).

"The purpose of § 455 is 'to avoid even the appearance of partiality.'" *United States v. Baca*, 610 F. Supp. 2d 1203, 1211 (E.D. Cal. 2009) (citation omitted). Although a judge must recuse himself from any proceeding in which any of the section 455 criteria apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Instead, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal"). The standard for recusal under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Perry v. Schwarzenegger*, 630 F.3d 909, 911 (9th Cir. 2011). "The obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling during the action." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1205-06 (E.D. Cal. 2010).

The decision regarding disqualification is to be made by the judge whose impartiality is at issue. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (holding that a motion for recusal must be decided by the very judge whose impartiality is being questioned); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (same).

**II.    Discussion**

Upon review of Plaintiff's motion for disqualification, the undersigned finds it to be insufficient. It fails to allege facts that would support the contention that the undersigned has exhibited bias and prejudice directed towards Plaintiff or has personal knowledge of disputed evidentiary facts concerning the proceeding at hand, *i.e.*, on the pending findings and recommendations to dismiss this action as time-barred and barred under the Eleventh Amendment. *See* (Doc. 4). Plaintiff's motion appears to allege bias or prejudice arising solely out of judicial actions taken by the undersigned and/or the assigned district judge in this matter and prior matters before the Court, namely that the findings and recommendations (Doc. 4) are "inappropriate" and an "act of intentional threats." (Doc. 7 at 1). Plaintiff appears to assert that the Court has "[come

1 up] with new issues [intending] to [revictimize]" Plaintiff, including in prior matters, beginning in
2 2020. *Id.* Plaintiff states that the error of the Court is "in the preparing of the pleading to obtain
3 signatures of magistrate or district judge fraudulently" and such fraud "can be determined after
4 removing magistrate and district judge." *Id.* at 2. Plaintiff takes issue with the findings and
5 recommendation to dismiss the complaint pursuant to Eleventh Amendment immunity, including
6 after his "multiple objections and pending motion for disqualification in another case for same
7 matter," resulting in "violations of code of conduct" and "wasting [Plaintiff's] time." *Id.* at 2-3.
8 Plaintiff asserts that the Court "is trying to provide [him] legal advice to proceed with action related
9 to [his] forum state," by recommending dismissal, "which clearly [shows] ties to this state of
10 [C]alifornia." *Id.* at 4 (citing Doc. 4 at 3).

11 Plaintiff's motion appears to be based on his conclusory assertion, without citing to any
12 authority, that the undersigned and the assigned district judge engaged in "violations of code of
13 conduct" in dismissing his other cases and recommending dismissal herein. *See United States v.*
14 *Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999) ("While a judge's consideration of a motion for
15 recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the
16 court need not accept conclusory speculations that lack any factual support.").

17 Thus, concerning Section 455, the issues raised by Plaintiff in his motion for
18 disqualification are not proper grounds to disqualify a judge for bias and prejudice. The United
19 States Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for
20 a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Rather, judicial
21 rulings are a basis for appeal, not recusal. *Id.*; *see Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th
22 Cir. 1999) ("Leslie's allegations stem entirely from the district judge's adverse rulings. That is not
23 an adequate basis for recusal") (citations omitted). Plaintiff's assertions here would not cause a
24 reasonable person with knowledge of all the facts to conclude that the impartiality of the
25 undersigned might reasonably be questioned. *Perry*, 630 F.3d at 911; *Holland*, 519 F.3d at 912;
26 *see, e.g.*, *Jensen v. Santa Clara Cnty.*, 32 F. App'x. 203, 206 (9th Cir. 2002) (mere allegations of
27 plaintiff seeking damages for injury from pesticide that trial judge had a pro-pesticide bias was not
28 enough to support judge's recusal where plaintiff's allegation had no support in the record). Stated

1  otherwise, "a party challenging a judge for bias needs to show facts, not merely her opinion, to
2  demonstrate the judge's actual or apparent bias to justify recusal." *Jensen*, 32 F. App'x. at 206
3  (citing *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991)); *see*, *e.g.*, *Saddozai v.
4  Carwithen*, No. 21-cv-01352 BLF (PR), 2022 WL 6584457, at *1 (N.D. Cal. Sept. 21, 2022)
5  ("Plaintiff's assertions regarding personal bias and prejudice are simply conclusory.  The Court
6  does not have nor has ever expressed any 'discriminatory animus' against Plaintiff based on his
7  poverty, imprisonment, or race, and no improper remarks have ever been made showing lack of
8  impartiality").  And, as noted above, the Court's judicial rulings alone do not constitute a valid
9  basis for a showing of bias or prejudice.  *See Liteky*, 510 U.S. at 555; *Maier v. Orr*, 758 F.2d 1578,
10 1583 (9th Cir. 1985) ("Frivolous and improperly based suggestions that a judge recuse should be
11 firmly declined.").

12 In sum, Plaintiff's motion for disqualification will be denied.

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for disqualification (Doc. 7) is DENIED.

IT IS SO ORDERED.

Dated: **October 3, 2025**

UNITED STATES MAGISTRATE JUDGE